UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 00-6211-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )
v.                           )
                             )
RABAH EL HADDAD,             )
                             )
        Defendant.           )
_____)

# REPLY BRIEF IN OPPOSITION TO GOVERNMENT'S APPEAL FROM DENIAL OF PRETRIAL DETENTION

## A: PROCEDURAL MATTERS.

The Government in its appeal implies that the Defendant is not entitled to a hearing on the issue of pretrial detention, in this District before either the Magistrate Judge or before this Court due to his being ordered held in pretrial detention after his arrest in California. If a defendant is arrested out of district then the "initial appearance" is when the defendant appears in the charging district. *U.S. v. Melendez-Carrion*, 790 F.2d 984 (2nd Cir. 1986): *U.S. v. Valenzuela-Verdigo*, 815 F.2d 1011 (5th Cir. 1987); *U.S. v. Dominguez*, 783 F.2d 702 (7th Cir. 1986); *U.S. v. Medina*, 775 F.2d 1398 (11th Cir. 1985). Review in out-of-district cases should be sought in the charging district, not the district of arrest. *U.S. v. Torres*, 86 F.3d 1029 (11th

Cir. 1996). Any order entered by the District Court in California other than temporary detention would have been of "dubious applicability" to these proceedings. *Id.*, 86 F.3d at 1030, n. 1, *U.S. v. Evans*, 62 F.3d 1233 (9th Cir. 1995). The District Court in California lost jurisdiction over the Defendant and this Court gained jurisdiction over the Defendant when he waived removal and came into this, the charging district. *Velasco v. Horgan*, 85 F.3d 520 (11th Cir. 1996). This matter is therefore properly before this Court.

At the conclusion of the hearing before Magistrate Judge Ted E. Bandstra, the Government announced its intent to appeal the order setting bond in this matter,[1] but in an act of compassion due to the recent death of the Defendant's child, the Government did not seek an immediate stay of the order.[2] This allowed the Defendant to be and remain released on the conditions set at that time. As of the date of the filing of this Reply Brief the Defendant has been released on bond for approximately two months. During that time the Defendant has been in full compliance with the terms and conditions of his bond and has complied with all orders of the Court.

## B. STANDARD OF REVIEW AND BURDEN OF PROOF

---

[1] *See:* Local Rule of the United States District Court for the Southern District of Florida, Magistrate Judge Rule 4(a)(2).

[2] A copy of the "Order Denying Government's Request for Pretrial Detention & Order Setting a Bond is attached.

The decision of the Magistrate Judge comes to this Court presenting:

> mixed questions of law and fact subject to plenary review on appeal. *United States v. King*, 849 F.2d 485, 487 (11th Cir.1988).    Purely factual findings, however, will not be disturbed unless they are clearly erroneous. *United States v. King*, 849 F.2d at 487. 'A finding of fact is clearly erroneous only when a reviewing court is left with the definite and firm conviction that a mistake has been committed.' *United States v. Edmondson*, 791 F.2d 1512, 1514-15 (11th Cir.1986) (citation omitted).

*U.S. v. Quartermaine*, 913 F.2d 910 (11th Cir. 1990) at 915.  Purely factual findings should not be disturbed unless such findings are clearly erroneous. *U.S. v. Hurtado*, 779 F.2d 1467 (11th Cir.1985) *U.S. v. Gaviria*, 828 F.2d 667 (11th Cir.1987). The Government had the burden of establishing by a preponderance of the evidence that the Defendant posed a risk of flight and by clear and convincing evidence that he posed a danger to the community. *Quartermaine. supra.* Once the Government has established the return of an indictment charging a qualifying offense, as was the case here, the Defendant has the burden of coming forward with evidence to rebut the presumption. *Quartermaine, U.S. v. King*, 849 F.2d 485 (11th Cir.1988); *U.S. v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir.1985).   The Defendant submits that he met this requirement, has rebutted the presumption and established that he is entitled to be released on bond.  Considering the fact that he has complied with all of the conditions of bond while this matter has

3

been pending, there is no need for this Court to now revoke that bond and order him held in custody. The passage of time further militates toward his continued release on bond. 18 U.S. C. §3145(b); *U.S. v. Fernandez-Alfonso*, 813 F.2d 1571 (9th Cir. 1987).

## C: LEGAL ARGUMENT.

Detention is the exception, not the rule. The Court must consider the nature of a Defendant's right to be released pretrial based upon the presumption of innocence. *See United States v. Salerno*, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Title 18 U.S.C. §3142 governs the procedure that must be followed at a bail/detention hearing. Section 3142(j) states that: "Nothing in this section shall be construed as modifying or limiting the presumption of innocence." Once a defendant satisfies his burden of production to overcome the statutory presumption of detention, the prosecution must establish by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community. The government must also prove by a preponderance of evidence that no combination of conditions can reasonably assure the defendant's appearance at trial. *See U.S. v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986); *U.S. v. Orta*, 760 F.2d 887 (8th Cir. 1985); 18 U.S.C. §3142(f). It is a very heavy burden for the prosecution and when, as here, that burden is not met then a reasonable bail must be set. "The wide range of restrictions

available insures, as Congress intended, that <u>very few</u> defendants will be subject to pretrial detention." *Orta*, 760 F.2d at 891. (Emphasis added).

Title 18 U.S.C. § 3142(e) provides only a <u>rebuttable</u> presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." This presumption is "[s]ubject to rebuttal by the person." 18 U.S.C. § 3142(e)(Emphasis added). Although the presumption was present in the instant case due to the nature of the charges, that presumption was overcome by the Defendant as evidenced by the Magistrate Judge setting bond as contained in the attached Order. "Clear and convincing" evidence means that the Government must prove that a particular defendant actually poses a danger to the community, not that a defendant in theory poses a threat. *U.S. v. Patriarca*, 948 F.2d 789 (1ˢᵗ Cir. 1991). The Government failed to meet its burden of proof in the instant case. The Defendant is subjected to electronic monitoring in this case as a condition of his release on bond. The First Circuit in *U.S. v. O'Brien*, 895 F.2d 810 (1ˢᵗ Cir. 1990) found that this factor arguably rebutted the presumption of the risk of flight. Add to that the fact that the Defendant, his wife and children have all surrendered their passport and travel documents, that he has waived extradition from Jordan,[3] he lives with a curfew and has had his bond cosigned by his wife, his three

---

[3]Both the Ninth and Tenth Circuits have held that foreign nationality is not enough to indicate that a defendant is a flight risk. *See U.S. v. Motamedi*, 767 F.2d 1403 (9ᵗʰ Cir. 1985); *U.S. v. Paterson*, 780 F.2d 883 (10ᵗʰ Cir. 1986); *U.S. v. Townsend*, 897 F.2d 989 (9ᵗʰ Cir. 1990).

brothers and their wives (when married) and the residual presumption that he is a risk to flee is fully dissipated.

The Defendant's track record spanning two months establishes the correctness of the finding of the Magistrate Judge that he is neither a flight risk nor a danger to the community. The Defendant has not only been at liberty on bond with electronic monitoring, but he had the unique opportunity to leave the District when the telephones at his home were not working. Several weeks ago during the torrential rainfall the Defendant's house was flooded. For thirteen days he was without a home phone until service was reinstated. During that period the Defendant had ample time to flee the jurisdiction if he had wanted to. He did not do so. He stayed in his home and complied with the terms and conditions of his bond, other than being subject to electronic monitoring. His actions in staying at his home speak "much louder than words" to show that he will continue to remain available to answer the charges. When this Court conducts its independent consideration of the facts before it, which it must do pursuant to *U.S. v. Gaviria*, 828 F.2d 667 (11th Cir.1987) and *King, supra*, the Defendant respectfully requests that this court consider this additional living proof of the Defendant's willingness and intention to remain within the jurisdiction and face the charges against him. Further, the Defendant and his family have indicated a willingness to remain in the District and face these charges through the retaining of the undersigned to represent him in this trial. The

Defendant and his family have thereby made a substantial financial investment in this matter, something which he and his family would not do if he did not intend to stay and contest the charges lodged against him.

So, by his actions the Defendant has overcome the burden that had shifted to him by virtue of the operation of the statute. The Government is then required to prove either a risk of flight or danger to the community on the part of the Defendant. This is some thing that the Government has been unable to do. The provisions in the Bail Reform Act which establish the presumption <u>does not</u> shift the burden of <u>proof</u> on release conditions to the defendant. Rather, it is an evidentiary presumption that the defendant need produce only "some evidence" to rebut. *U.S. v. Hurtado*, 779 F.2d 1467 (11th Cir. 1985); *U.S. v. Carbone, supra*. 793 F.2d at 560; *U.S. v. Dominquez*, 783 F.2d 702, 707 (7th Cir. 1986); *U.S. v. Moore*, 607 F.Supp. 489, 495 (N.D. Cal. 1985). The "some evidence" standard has been termed a "low burden." *Id.* at 500. The Act specifically requires that a finding of dangerousness be proved by "clear and convincing" evidence produced by the government, once the defendant has rebutted the presumption by producing "some evidence." *Dominguez* at 707. The rebuttable presumption does no more than shift the burden of preliminary production to the defendant. *U.S. v. Perry*, 788 F.2d 100, 108 (3d Cir. 1986); *U.S. v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985); *U.S. v. Matir*, 782 F.2d 1141 (2d Cir. 1981); *U.S. v. Moore* at 496-499. The burden of persuading the

court, by clear and convincing evidence, that no combination of circumstances will reasonably assure the safety of the community remains with the government once the burden of <u>production</u> by the Defendant is met. *U.S. v. Perry*, 788 F.2d at 1414-1415; *Dominquez*, 783 F.2d at 707.

> As stated by the Second Circuit in *Chimurenga*:

> > The 'clear and convincing evidence' with respect to a defendant's danger to the community required by § 3142(f)(2)(B) means something more than 'preponderance of the evidence' and something less than 'beyond a reasonable doubt.' *See Addington v. Texas*, 441 U.S. 418, 431, 99 S.Ct. 1804, 1812, 60 L.Ed.2d 323 (1979). To find danger to the community under this standard of proof requires that the evidence support such a conclusion <u>with a high degree of certainty</u>, 760 F.2d at 405.

> *U.S. v. Moore*, 607 F.Supp at 498.

Thus, "the 'Act' ... allows the accused to rebut the presumption and establish that conditional release is appropriate in this case." *U.S. v. Kouyoumdjian*, 601 F.Supp. 1506, 1511 (C.D. Cal. 1985). More evidence that the defendant committed the narcotics offense cannot by itself satisfy the requirement of 18 U.S.C. §3142(f) that dangerousness be proved by clear and convincing evidence after an evaluation of all the facts and analysis of the conditions available. That determination itself must be supported by clear and convincing evidence.

The clear and convincing evidence requirement imposes a "heavy burden" on the Government. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). In determining whether the government has

established that no condition or combination of conditions will reasonably assure the safety of the community, the Court:

> Shall ... take into account the available information concerning (1) the nature and the circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including: (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the [defendant] was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of [a] sentence . . . 18 U.S.C. §3142(g).

*Motamedi*, 767 F.2d at 1407.

Consistent with this, the statutory scheme continues to favor release over pretrial detention, providing the judicial officer with alternatives to structure an appropriate pretrial release. *Id* at 890. See also *U.S. v. Traitz, supra*, 807 F.2d at 324; *U.S. v. Carbone, supra*, 793 F.2d at 561. "Doubts regarding the propriety of release should be resolved in favor of the defendant." *U.S. v. Motamedi*, 767 F.2d at 1405.

In *U.S. v. Dominquez, supra*, 783 F.2d at 707, the Seventh Circuit vacated a District Court's detention order. The *Dominquez* court noted that the defendants were both Cuban immigrants who had lawfully been in the United States for approximately five years and were charged with narcotics offenses. Neither had any criminal record in the United States, although both were political prisoners in Cuba. The co-defendant, Mr. Rodriguez, at the time of his arrest, was employed as a body shop mechanic and had been so employed for quite some time. Mr. Dominquez was married and had family in Florida and Nevada and had been employed as a welder since coming to the United States. Dominquez also owned a welding business incorporated in Florida. In *Dominquez* the Court stated:

> This evidence of economic and social stability, coupled with the absence of any relevant criminal record, at least suggests that defendants would be less likely to continue to engage in criminal activity while on pretrial release.
>
> The district court's finding of dangerousness was based solely on the application of the presumption in § 3142(e). Because it was preliminarily rebutted, inclusive application of the presumption was improper.

*Dominquez*, 783 F.2d at 707.

In *Dominquez*, the District Court found that the defendants had offered no evidence to rebut the presumption that they were a danger to the community. 783 F.2d at 706. The *Dominquez* court pointed out that under the District Court's interpretation, few if any defendants in narcotics cases

10

could ever rebut the presumption of dangerousness and thereby defeat pretrial detention. A defendant could hardly be expected to demonstrate that narcotics trafficking is not dangerous to the community. *Id.* The *Dominquez* court stated:

> A defendant cannot be detained as dangerous under § 3142(e), even if the presumption is not rebutted, unless a finding is made that no release conditions will reasonably assure . . . the safety of the community.

783 F.2d at 706-07. (Emphasis added).

In this case, Rabah El Haddad has come forward with sufficient evidence to rebut the presumption of detention as evidenced by the Order setting bond in this case. His actions since that time have further buttressed the findings made by the Magistrate Judge. The Government clearly failed to meet the burden of persuasion necessary to support the requisite finding of dangerousness by clear and convincing evidence and/or of risk of flight by a preponderance of the evidence. The only suggestion of the Defendant's dangerousness comes from the presumption arising from the return of the Indictment. As previously noted, that presumption is rebuttable and the Defendant has rebutted it. No evidence or suggestion of future misconduct was presented by the Government and none is present. Rabah El Haddad rebutted the Act's presumption and he should be continued on bond on the present terms and conditions. We must not forget the Supreme Court's admonition: "In our society liberty is the norm, and detention prior to trial or

without trial is the <u>carefully limited exception</u>." *United States v. Salerno*, 481 U.S. 739, 755, 107 S.Ct. 2095, 2105, 95 L.Ed.2d 697 (1987)(emphasis added).   Rabah El Haddad does not fall within the "carefully limited exception."   His pretrial release is required in order to ensure his constitutional rights to due process of law, a fair trial, access to counsel, and the presumption of innocence.


## D:  CONCLUSION

The Defendant submits that the Government failed to establish a sound factual and legal basis to justify his detention.  The Magistrate Judge agreed and set a reasonable bond in this case.  The Defendant has been living within the law and in compliance with the order of the Court during the time since his release.  There are no facts or circumstances which justify his bond being revoked at this time and his being re-incarcerated pending trial.  The Defendant submits that the review that must be undertaken by this Court will demonstrate that he is both entitled to and worthy of bond in this matter.  It is therefore respectfully submitted that he should be allowed to remain at liberty pending trial or other disposition of this matter.


DATED this 27th day of October, 2000.

JOHN R. HOWES, ESQ.
JOHN R. HOWES, P.A.
Counsel for Defendant
633 S.E. 3rd Ave., Suite 4F
Ft. Lauderdale, Fl. 33301
954.763.6003
Fla. Bar No: 219193


## CERTIFICATE OF SERVICE


I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Assistant U.S. Attorney Laurence J. Bardfeld, 500 E. Broward Blvd. Ft. Lauderdale, FL 33301 by Mail Delivery this 27th day of October, 2000.

JOHN R. HOWES

\\mydocs\haddadbondappeal

FILED by _____ D.C.

AUG 29 2000

S.D. OF FLA. MIAMI

REC'D by _____ D.C.

AUG 30 2000

CLERK U.S. DIST. CT.
S.D. OF FLA. W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6211-CR-Hurley

UNITED STATES OF AMERICA,

Rabah EL Haddad

**ORDER DENYING GOVERNMENT'S**
**REQUEST FOR PRETRIAL DETENTION &**
**SETTING A BOND**

This Cause came before the Court upon motion of (the government for pretrial detention) (the defendant to set a bond). Upon consideration, it is

**ORDERED AND ADJUDGED** as follows:

_____ The government's motion is **denied**.

_____ The defendant's motion is **granted**; bond is set at:

__X__ Personal Surety, unsecured, in the amount of

Co-Signed by w/Fe/3 Brothers + 3 wifes (if married)    $200,000

_____ Personal Surety in the amount of   $_____
with 10% posted with Clerk of Court.

_____ Personal Surety in the amount of   $_____
secured by the following collateral: _____

_____

_____ Full Cash in the amount of $_____

__X__ Corporate Surety in the amount of $100,000 / Nebbia

_____ Full Cash or Corporate Surety in the amount of
$_____

In addition to the standard conditions of bond, the following special conditions are hereby imposed:

X  SURRENDER ALL PASSPORTS & TRAVEL DOCUMENTS TO PRETRIAL SERVICES. Also w/Fe'sChildren

__ REPORT TO PRETRIAL SERVICES AS FOLLOWS: / WEEKLY IN PERSON; as directed WEEKLY BY PHONE.

__ SUBMIT TO RANDOM URINE TESTING BY PRETRIAL SERVICES FOR THE USE OF NON-PHYSICIAN-PRESCRIBED SUBSTANCES PROHIBITED BY LAW.

X  MAINTAIN OR ACTIVELY SEEK FULL-TIME EMPLOYMENT.

__ MAINTAIN OR BEGIN AN EDUCATIONAL PROGRAM.

__ AVOID ALL CONTACT WITH VICTIMS OF OR WITNESSES TO THE CRIMES CHARGED.

__ REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE OR OTHER DANGEROUS WEAPON.

X  COMPLY WITH THE FOLLOWING ADDITIONAL SPECIAL CONDITIONS OF THIS BOND: Maintain Residence Waiver of extradition from Phila N-Curfew 10 Am-7am Electronic Monitoring paid by deft.

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is: _____

**DONE AND ORDERED** at Miami, Florida this 29 day of August 2000.

TAPE NO. 00B-59-53

c:AUSA, Defense Counsel,
   Pretrial Services, US Marshal

_____
UNITED STATES MAGISTRATE JUDGE
TED E. BANDSTRA