FILED

2000 AUG -8 P 3:00

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

CASE # 00-6211-CR-HURLEY

Case No. CR5-00-235 PVT

v.

RABAH HADDAD

    Defendants.

ORDER FOR REMOVAL

    It appearing that a(n) _Indictment_ has been _filed_ in the _Southern_ District of _Florida_ charging the defendant above named with a violation of Title _21_ U.S.C. Section(s) _841(d)(2); 846_, and a preliminary examination/removal hearing having been heretofore waived;

    IT IS HEREBY ORDERED that the defendant be transported forthwith to the United States District Court, _Southern_, District of _Florida_ in _Ft. Lauderdale_.

DATED: 8-7-00

PATRICIA V. TRUMBULL
United States Magistrate Judge

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST
RICHARD W. WIEKING
U.S. District Court
Northern District of California

OCT 16 2001

Deputy Clerk

ORDER FOR REMOVAL

```
                                                              REMOVE
                    U.S. District Court
U.S. District for the Northern District of California (San Jose)
        CRIMINAL DOCKET FOR CASE #: 00-M -235-ALL
```

USA v. Haddad                                          Filed: 07/31/00
Dkt # in 113C 0

Case Assigned to:  Mag. Judge Patricia V. Trumbull

RABAH EL HADDAD (1)
    defendant
 [term  08/08/00]


Pending Counts:

   NONE


Terminated Counts:

   NONE



Complaints                            Disposition

Rule 40 affidavit from an
arrest warrant issued by the
US    District of Florida



U. S. Attorneys:

   NONE

Proceedings include all events.
5:00m 235-ALL USA v. Haddad

| Date | # | Entry |
|---|---|---|
| 7/31/00 | 1 | RULE 40 Affidavit for Removal Proceeding from District of Florida  Case #: No case no. on Affidavit filed by US Marshal against Rabah El Haddad  Mag. Judge Patricia V. Trumbull (cgb) [Entry date 08/02/00] |
| 7/31/00 | 2 | MINUTES: filed on 7/31/00 before Mag. Judge Patricia V. Trumbull ;  first appearance of Rabah El Haddad , Attorney present;, I.D. of counsel set for 2:00 8/2/00 for Rabah El Haddad ;  before Mag. Judge Patricia V. Trumbull ( C/R: Corinne Moore Tape No.: 060-00 PVT) (cgb) [Entry date 08/02/00] |
| 7/31/00 | 3 | CJA Form 23 (Financial Affidavit) as to Rabah El Haddad (cgb) [Entry date 08/02/00] |
| 8/2/00 | 6 | MINUTES: filed on 8/7/00 before Mag. Judge Patricia V. Trumbull ;  ( C/R: Peter Torreanoi) (cgb) [Entry date 08/14/00] |
| 8/2/00 | 7 | REMOVAL hearing waived as to Rabah El Haddad (cgb) [Entry date 08/14/00] |
| 8/3/00 | 4 | MINUTES: filed on 8/7/00 before Mag. Judge Patricia V. Trumbull ; removal hearing will be held at 11:30 8/7/00 for Rabah El Haddad ; detention hearing set for 11:30 8/7/00 for Rabah El Haddad ;  before Mag. Judge Patricia V. Trumbull ( C/R: Peter Torreano) (cgb) [Entry date 08/14/00] |
| 8/7/00 | 5 | MINUTES: filed on 8/7/00 before Mag. Judge Patricia V. Trumbull ; detention hearing held  before Mag. Judge Patricia V. Trumbulldefendant is ordered to be removed to Southern District of Florida (Ft. Lauderdale) ( C/R: Corinne Moore Tape No.: 062 00 PVT) (cgb) [Entry date 08/14/00] |
| 8/8/00 | 9 | Order for Removal (Rule 40) Jurisdiction  by Mag. Judge Patricia V. Trumbull  to District of Florida as to Rabah El Haddad  statistically closing count(s) for defendant Rabah El Haddad  (cc: all counsel) ( Date Entered: 8/14/00) (cgb) [Entry date 08/14/00] |
| 8/9/00 | 8 | DETENTION ORDER of Rabah El Haddad   by Mag. Judge Patricia V. Trumbull (cgb) [Entry date 08/14/00] |
| 10/16/01 | -- | Case file mailed to US District Court of Southern Florida (Ft. Lauderdale). as to defendant Rabah El Haddad (cgb) [Entry date 10/16/01] |

United States of America, Plaintiff,                      Case Number _____

v. _Nabih El Haddad_, Defendant.                          ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 USC §3142(f), a detention hearing was held on _8-7_, 2000. Defendant was present, represented by his attorney _J. Fine_. The United States was represented by Assistant U.S. Attorney _J. Wiley_.

## PART I.   PRESUMPTIONS APPLICABLE

/ /  The defendant is charged with an offense described in 18 USC §3142(f)(1) and the defendant has been convicted of a prior offense described in 18 USC §3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.
This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

/X/  There is probable cause based upon (the indictment) (the facts found in Part IV below) to believe that the defendant has committed an offense
   A.  _X_ for which a maximum term of imprisonment of 10 years or more is prescribed in 21 USC §801 et seq, §951 et seq, or §955a et seq, OR
   B.  ___ under 18 USC §924(c): use of a firearm during the commission of a felony.
This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

/ /  No presumption applies.

## PART II.   REBUTTAL OF PRESUMPTIONS, IF APPLICABLE

/ /  The defendant has not come forward with any evidence to rebut the applicable presumption[s], and he therefore will be ordered detained.

/X/  The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: _He has wife and 8 children in Fla. He has relatives in Fla. who would post property for him._
Thus, the burden of proof shifts back to the United States.

## PART III.   PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE)

/X/  The United States has proved to a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, AND/OR

/ /  The United States has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## PART IV.   WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

/X/  The Court has taken into account the factors set out in 18 USC §3142(g) and all of the information submitted at hearing and finds as follows: _The defendant is charged with violations of 21 USC §846 + 841(d)(2). The substances involved is pseudoephedrine used to make methamphetamine. He is charged with a very substantial international conspiracy. He travels freely to the Mideast and has had access to large amounts of diverse paid monies. His ties in Fla. (residence, job, family) are weak. He has been identified in the July_ ...

/ /  Defendant, his attorney, and the AUSA have waived written findings. _A number of ..._

## PART V.   DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: _8-7-00_                                  _____
                                                 UNITED STATES MAGISTRATE JUDGE

AUSA____, ATTY____, PTS____

# United States District Court

AUG 3 10 18 AM '00

___Southern___ DISTRICT OF ___California___

UNITED STATES OF AMERICA

v.

Rabah El-Haddad

**WAIVER OF RULE 40 HEARINGS**
(Excluding Probation Cases)

Case Number: ___CR5-00-235 MT___ / ___00-6211___

I, ___Rabah El-Haddad___, understand that in the ___Southern___ District of ___Florida___, charges are pending alleging violation of ___21 USC § 841(d)(2)___ and that I have been arrested in this District and taken before a United States Magistrate, who informed me of the charge and of my right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the proceedings to this district pursuant to Rule 20, Fed. R. Crim. P., in order to plead guilty, (3) an identity hearing to determine if I am the person named in the charge, and (4) a preliminary examination (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

(✓) identity hearing

( ) preliminary examination

( ) identity hearing and have been informed I have no right to a preliminary examination

( ) identity hearing but request a preliminary examination be held in the prosecuting district

and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

_____
Defendant

___8/3/00___  _____
Date            Defense Counsel

# MAGISTRATE JUDGE MINUTE ORDER

| MAGISTRATE JUDGE | DEPUTY CLERK | DATE | NEW | CASE NUMBER |
|---|---|---|---|---|
| Patricia Trumbull | Lori D | | | |

REPORTER TAPE NO: Terrence OSR

## APPEARANCES

DEFENDANT / AGE / ATTORNEY FOR DEFENDANT [ ] APPT [ ] RET

U.S. ATTORNEY / INTERPRETER / FINANCIAL AFFIDAVIT FILED [ ]

PROBATION OFFICER / PRETRIAL SERVICES OFFICER

## PROCEEDINGS

- [ ] INITIAL APPEARANCE
- [ ] PRELIMINARY HEARING
- [ ] MOTION
- [ ] SENTENCING
- [ ] STATUS
- [X] ID COUNSEL
- [ ] REMOVAL HEARING
- [ ] BOND POSTING/SIGNING
- [ ] IA ON PETITION TO REVOKE PROBATION
- [ ] TRIAL
- [ ] DETENTION HEARING
- [ ] ARRAIGNMENT
- [ ] CHANGE OF PLEA
- [ ] PROBATION REVOCATION HEARING
- [ ] OTHER

### INITIAL APPEARANCE
- [ ] ADVISED OF RIGHTS
- [ ] ADVISED OF CHARGES
- [ ] NAME AS CHARGED IS TRUE NAME
- [ ] TRUE NAME

### ARRAIGNMENT
- [ ] ARRAIGNED ON INFORMATION
- [ ] ARRAIGNED ON INDICTMENT
- [ ] READING WAIVED SUBSTANCE STATED
- [ ] WAIVER OF INDICTMENT FILED

### RELEASE
- [ ] RELEASED ON OWN
- [ ] ISSUED APPEARANCE BOND
- [ ] AMOUNT OF SECURITY $
- [ ] AMOUNT RELEASED $
- [ ] PASSPORT SURRENDERED

PROPERTY POSTED / TO BE POSTED
- [ ] CASH
- [ ] MOTION FOR DETENTION
- [ ] PRETRIAL SERVICES REPORT ORDERED

ORDERED REMOVED TO DISTRICT OF _____ OTHER _____

### PLEA
- [ ] CONSENT ENTERED
- [ ] NOT GUILTY
- [ ] GUILTY
- [ ] GUILTY TO COUNTS
- [ ] PRESENTENCE REPORT ORDERED
- [ ] CHANGE OF PLEA
- [ ] PLEA AGREEMENT FILED
- [ ] OTHER

### CONTINUANCE
TO: 5 / 2 / 00  MO DAY YR
AT ___ AM PM BEFORE HON ___

- [ ] ID COUNSEL
- [ ] BOND POSTING/SIGNING
- [ ] STATUS RE CONSENT
- [ ] JURY TRIAL
- [ ] FILING FINANCIAL AFFIDAVIT
- [ ] PRELIMINARY HEARING
- [ ] PLEA
- [ ] BOND HEARING
- [X] DETENTION HEARING
- [ ] ARRAIGNMENT
- [ ] TO HEAR MOTIONS
- [ ] JUDGMENT & SENTENCING
- [ ] IDENTITY/REMOVAL HEARING
- [ ] PRETRIAL CONFERENCE
- [ ] PROBATION REVOCATION HEARING
- [ ] TRIAL SETTING
- [ ] COURT TRIAL
- [ ] STATUS

- [ ] TIME WAIVED
- [ ] TIME EXCLUDABLE UNDER 18 § USC 3161

### ADDITIONAL PROCEEDINGS

COPIES SENT TO: _____  [ ] CASE CLOSED

* U.S GPO: 1999 784-668/19119

# MAGISTRATE JUDGE MINUTE ORDER

| | DATE | NEW CASE | CASE NUMBER |
|---|---|---|---|
| | 5-__-01 | | 5-00-235 |

| MAGISTRATE JUDGE | DEPUTY CLERK | REPORTER/TAPE NO. |
|---|---|---|
| PATRICIA TRUMBULL | Tori Quidachay | Moore #362 |

## APPEARANCES

| DEFENDANT | AGE | CUST | P/NP | ATTORNEY FOR DEFENDANT | ☐ PD. ☒ APPT ☐ RET |
|---|---|---|---|---|---|
| Rabah Haddad | | Y | P | J. Fong | |

| U.S. ATTORNEY | INTERPRETER | ☐ FINANCIAL AFFIDAVIT FILED |
|---|---|---|
| John Glang | None | ☐ DEFENDANT ELIGIBLE FOR APPOINTED COUNSEL |

| PROBATION OFFICER | PRETRIAL SERVICES OFFICER | ☐ COUNSEL APPOINTED |
|---|---|---|
| | Sonia Zepeso | ☐ PARTIAL PAYMENT OF CJA FEES ORDERED |

## PROCEEDINGS

- ☐ INITIAL APPEARANCE
- ☐ PRELIMINARY HEARING
- ☐ MOTION
- ☐ JUDGMENT & SENTENCING
- ☐ STATUS
- ☐ I.D. COUNSEL
- ☐ REMOVAL HEARING
- ☐ BOND POSTING/SIGNING
- ☐ IA ON PETITION TO REVOKE PROBATION
- ☐ TRIAL
- ☒ *further* DETENTION HEARING
- ☐ ARRAIGNMENT
- ☐ CHANGE OF PLEA
- ☐ PROBATION REVOCATION HEARING
- ☐ OTHER

### INITIAL APPEARANCE

- ☐ ADVISED OF RIGHTS
- ☐ ADVISED OF CHARGES
- ☐ NAME AS CHARGED IS TRUE NAME
- ☐ TRUE NAME

### ARRAIGNMENT

- ☐ ARRAIGNED ON INFORMATION
- ☐ ARRAIGNED ON INDICTMENT
- ☐ READING WAIVED SUBSTANCE STATED
- ☐ WAIVER OF INDICTMENT FILED

### RELEASE

- ☐ RELEASED ON O/R
- ☐ ISSUED APPEARANCE BOND ▶
- AMOUNT OF SECURITY $
- AMOUNT RECEIVED $
- ☐ PASSPORT SURRENDERED

PROPERTY POSTED/TO BE POSTED
- ☐ CASH _____
- ☐ CORPORATE SECURITY _____
- ☐ REAL PROPERTY _____

- ☒ MOTION FOR DETENTION
- ☐ PRETRIAL SERVICES REPORT ORDERED
- ☒ DETAINED
- ☐ RELEASED
- ☐ DETENTION HEARING AND FORMAL FINDINGS WAIVED
- ☐ REMANDED TO CUSTODY

ORDERED REMOVED TO DISTRICT OF: SDFLA in Ft. Lauderdale  OTHER _____

### PLEA

- ☐ CONSENT ENTERED
- ☐ NOT GUILTY
- ☐ GUILTY
- ☐ GUILTY TO COUNTS:
- ☐ PRESENTENCE REPORT ORDERED
- ☐ CHANGE OF PLEA
- ☐ PLEA AGREEMENT FILED
- ☐ OTHER

### CONTINUANCE

TO: ___ MO ___ DAY ___ YR
AT ___ AM PM
BEFORE HON. ___

- ☐ I.D COUNSEL
- ☐ BOND POSTING/SIGNING
- ☐ STATUS RE: CONSENT
- ☐ JURY TRIAL
- ☐ FILING FINANCIAL AFFIDAVIT
- ☐ PRELIMINARY HEARING
- ☐ PLEA
- ☐ BOND HEARING
- ☐ DETENTION HEARING
- ☐ ARRAIGNMENT
- ☐ TO HEAR MOTIONS
- ☐ JUDGMENT & SENTENCING
- ☐ IDENTITY/REMOVAL HEARING
- ☐ PRETRIAL CONFERENCE
- ☐ PROBATION REVOCATION HEARING
- ☐ TIME WAIVED
- ☐ TRIAL SETTING
- ☐ COURT TRIAL
- ☐ STATUS
- ☐ TIME EXCLUDABLE UNDER 18 § USC 3161

### ADDITIONAL PROCEEDINGS
*Ordered*

Indicted in SDFLA. Deft removed to SDFLA following his waiver of removal hearing.

COPIES SENT TO: ___  ☐ CASE CLOSED

# MAGISTRATE JUDGE MINUTE ORDER

**DATE:** 8-3-00
**NEW CASE:** ☐
**CASE NUMBER:** 00-235

**MAGISTRATE JUDGE:** Patricia Trumbull
**DEPUTY CLERK:** Lori Quibodeaux
**REPORTER/TAPE NO.:** J. Torreano

## APPEARANCES

**DEFENDANT:** Nabah Haddad
**AGE:** —
**CUST:** Y
**P/NP:** P
**ATTORNEY FOR DEFENDANT:** J. Fong
- ☐ PD.
- ☒ APPT.
- ☐ RET.

**U.S. ATTORNEY:** Amy Hsang (?)
**INTERPRETER:** no
**PROBATION OFFICER:** —
**PRETRIAL SERVICES OFFICER:** Allen Lew

- ☐ FINANCIAL AFFIDAVIT FILED
- ☐ DEFENDANT ELIGIBLE FOR APPOINTED COUNSEL
- ☐ COUNSEL APPOINTED
- ☐ PARTIAL PAYMENT OF CJA FEES ORDERED

FILED AUG 1 10:15 AM '00

## PROCEEDINGS

- ☐ INITIAL APPEARANCE
- ☐ PRELIMINARY HEARING
- ☐ MOTION
- ☐ JUDGMENT & SENTENCING
- ☐ STATUS
- ☐ I.D. COUNSEL
- ☐ REMOVAL HEARING
- ☐ BOND POSTING/SIGNING
- ☐ IA ON PETITION TO REVOKE PROBATION
- ☐ TRIAL
- ☒ DETENTION HEARING w/ *(circled)* Crim history
- ☐ ARRAIGNMENT
- ☐ CHANGE OF PLEA
- ☐ PROBATION REVOCATION HEARING
- ☐ OTHER

### INITIAL APPEARANCE
- ☐ ADVISED OF RIGHTS
- ☐ ADVISED OF CHARGES
- ☐ NAME AS CHARGED IS TRUE NAME
- ☐ TRUE NAME:

### ARRAIGNMENT
- ☐ ARRAIGNED ON INFORMATION
- ☐ ARRAIGNED ON INDICTMENT
- ☐ READING WAIVED SUBSTANCE STATED
- ☐ WAIVER OF INDICTMENT FILED

### RELEASE
- ☐ RELEASED ON O/R
- ☐ ISSUED APPEARANCE BOND
- AMOUNT OF SECURITY: $
- AMOUNT RECEIVED: $
- ☐ PASSPORT SURRENDERED

PROPERTY POSTED/TO BE POSTED
- ☐ CASH ____
- ☐ CORPORATE SECURITY ____
- ☐ REAL PROPERTY ____

- ☒ MOTION FOR DETENTION
- ☒ PRETRIAL SERVICES REPORT ORDERED
- ☐ DETAINED
- ☐ RELEASED
- ☐ DETENTION HEARING AND FORMAL FINDINGS WAIVED
- ☐ REMANDED TO CUSTODY

ORDERED REMOVED TO DISTRICT OF ____   OTHER: ____

### PLEA
- ☐ CONSENT ENTERED
- ☐ NOT GUILTY
- ☐ GUILTY
- ☐ GUILTY TO COUNTS:
- ☐ PRESENTENCE REPORT ORDERED
- ☐ CHANGE OF PLEA
- ☐ PLEA AGREEMENT FILED
- ☐ OTHER

### CONTINUANCE

**TO:** 8/7/00   **AT:** 11:30 AM   **BEFORE HON.** PVT

- ☐ I.D. COUNSEL
- ☐ BOND POSTING/SIGNING
- ☐ STATUS RE CONSENT
- ☐ JURY TRIAL
- ☐ FILING FINANCIAL AFFIDAVIT
- ☐ PRELIMINARY HEARING
- ☐ PLEA
- ☐ BOND HEARING
- ☒ Further DETENTION HEARING — Set removal
- ☐ ARRAIGNMENT
- ☐ TO HEAR MOTIONS
- ☐ JUDGMENT & SENTENCING
- ☐ TIME WAIVED
- ☐ IDENTITY/REMOVAL HEARING
- ☐ PRETRIAL CONFERENCE
- ☐ PROBATION REVOCATION HEARING
- ☐ TIME EXCLUDABLE UNDER 18 § USC 3161
- ☐ TRIAL SETTING
- ☐ COURT TRIAL
- ☐ STATUS

### ADDITIONAL PROCEEDINGS

COPIES SENT TO:

☐ CASE CLOSED

# FINANCIAL AFFIDAVIT
## IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE

CJA 23

| IN UNITED STATES IN THE CASE OF | ☐ MAGISTRATE ☐ DISTRICT ☐ APPEALS COURT or ☐ OTHER PANEL (Specify below) | LOCATION NUMBER |
|---|---|---|
| US vs. El Haddad | FOR NDCA  AT | |

**PERSON REPRESENTED** (Show your full name): RABAH EL HADDAD

Filed JUL 31 2000 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT SAN JOSE

1 ☐ Defendant—Adult
2 ☐ Defendant—Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Parole Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other (Specify)

**DOCKET NUMBERS**
Magistrate: 5-00-035?
District Court:
Court of Appeals:

**CHARGE/OFFENSE** (describe if applicable & check box →)
☐ Felony
☐ Misdemeanor

---

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

### ASSETS

**EMPLOYMENT**
- Are you now employed? ☒ Yes ☐ No ☐ Am Self Employed
- Name and address of employer: Kitchen Hood Exxon
- IF YES, how much do you earn per month? $ 2000
- IF NO, give month and year of last employment. How much did you earn per month $ ___
- If married is your Spouse employed? ☐ Yes ☒ No
- IF YES, how much does your Spouse earn per month $ ___
- If a minor under age 21, what is your Parents or Guardian's approximate monthly income $ ___

**OTHER INCOME**
Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☒ No
IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES $ ___

**CASH**
Have you any cash on hand or money in savings or checking account ☐ Yes ☒ No  IF YES, state total amount $ ___

**PROPERTY**
Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☒ Yes ☐ No
IF YES, GIVE VALUE AND DESCRIBE IT $ ___ car

### OBLIGATIONS & DEBTS

**DEPENDENTS**
MARITAL STATUS: ☐ SINGLE ☒ MARRIED ☐ WIDOWED ☐ SEPARATED OR DIVORCED
Total No. of Dependents: 10
List persons you actually support and your relationship to them: my kids ___ brother ___ and my wife and myself

**DEBTS & MONTHLY BILLS** (LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)

| Creditors | Total Debt | Monthly Payt. |
|---|---|---|
| APARTMENT OR HOME: Alliance Rent | $ | $ |
|  | $ | $ |
| New Food Clothing | $ | $ |
|  | $ | $ |

I certify the above to be correct.

**SIGNATURE OF DEFENDANT** (OR PERSON REPRESENTED) ▶ [signature]

**WARNING:** A FALSE OR DISHONEST ANSWER TO A QUESTION IN THIS AFFIDAVIT MAY BE PUNISHABLE BY FINE OR IMPRISONMENT, OR BOTH.

# MAGISTRATE JUDGE MINUTE ORDER

| MAGISTRATE JUDGE | DATE | NEW CASE | CASE NUMBER |
|---|---|---|---|
| Patricia V. Trumbull | July 31, 2000 | | |

| | DEPUTY CLERK | REPORTER/TAPE NO. |
|---|---|---|
| | Mary Russell | Dot O'Meara |

### APPEARANCES

| DEFENDANT | AGE | CUST | P/NP | ATTORNEY FOR DEFENDANT | [X] PD. [ ] APPT [ ] RET. |
|---|---|---|---|---|---|
| Rabah El Haddad | | Y | P | John Paul | |

| U.S. ATTORNEY | INTERPRETER | FINANCIAL AFFIDAVIT FILED [X] |
|---|---|---|
| John Glang | not needed | DEFENDANT ELIGIBLE FOR APPOINTED COUNSEL [X] |

| PROBATION OFFICER | PRETRIAL SERVICES OFFICER | COUNSEL APPOINTED [X] |
|---|---|---|
| | | PARTIAL PAYMENT OF CJA FEES ORDERED [ ] |

### PROCEEDINGS

[X] INITIAL APPEARANCE  [ ] PRELIMINARY HEARING  [ ] MOTION  [ ] JUDGMENT & SENTENCING  [ ] STATUS

[X] I.D. COUNSEL *not held*  [ ] REMOVAL HEARING  [ ] BOND POSTING/SIGNING  [ ] IA ON PETITION TO REVOKE PROBATION  [ ] TRIAL

[ ] DETENTION HEARING  [X] ARRAIGNMENT *not held*  [ ] CHANGE OF PLEA  [ ] PROBATION/SUPERVISED RELEASE HEARING  [ ] OTHER

**Filed JUL 31 2000 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN JOSE**

### INITIAL APPEARANCE

[X] ADVISED OF RIGHTS  [X] ADVISED OF CHARGES  [ ] NAME AS CHARGED IS TRUE NAME  [ ] TRUE NAME

### ARRAIGNMENT

[ ] ARRAIGNED ON INFORMATION  [ ] ARRAIGNED ON INDICTMENT  [ ] READING WAIVED SUBSTANCE STATED  [ ] WAIVER OF INDICTMENT FILED

### RELEASE

[ ] RELEASED ON O/R  [ ] ISSUED APPEARANCE BOND  ► AMOUNT OF SECURITY $  AMOUNT RECEIVED $  [ ] PASSPORT SURRENDERED

PROPERTY POSTED/TO BE POSTED
[ ] CASH _____  [ ] CORPORATE SECURITY _____  [ ] REAL PROPERTY _____

[X] MOTION FOR DETENTION  [ ] PRETRIAL SERVICES REPORT ORDERED  [ ] DETAINED  [ ] RELEASED  [ ] DETENTION HEARING AND FORMAL FINDINGS WAIVED  [X] REMANDED TO CUSTODY

ORDERED REMOVED TO DISTRICT OF _____  OTHER _____

### PLEA

[ ] CONSENT ENTERED  [ ] NOT GUILTY  [ ] GUILTY  [ ] GUILTY TO COUNTS

[ ] PRESENTENCE REPORT ORDERED  [ ] CHANGE OF PLEA  [ ] PLEA AGREEMENT FILED  [ ] OTHER

### CONTINUANCE

TO: 8-3-00 MO. DAY YR  AT 9:30 AM/PM  BEFORE HON. _____

[X] I.D. COUNSEL  [ ] BOND POSTING/SIGNING  [ ] STATUS RE CONSENT  [ ] JURY TRIAL

[ ] FILING FINANCIAL AFFIDAVIT  [ ] PRELIMINARY HEARING  [ ] PLEA  [ ] BOND HEARING

[ ] DETENTION HEARING  [ ] ARRAIGNMENT  [ ] TO HEAR MOTIONS  [ ] JUDGMENT & SENTENCING

[ ] TIME WAIVED  [ ] IDENTITY/REMOVAL HEARING  [ ] PRETRIAL CONFERENCE  [ ] PROBATION REVOCATION HEARING

[ ] TIME EXCLUDABLE UNDER 18 § USC 3161  [ ] TRIAL SETTING  [ ] COURT TRIAL  [ ] STATUS

### ADDITIONAL PROCEEDINGS

Detention hearing set for 8/3/00 at 1:30 p.m.

COPIES SENT TO: _____  [ ] CASE CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

MAGISTRATE DOCKET # _____

CASE# _____

| UNITED STATES OF AMERICA | ss | AFFIDAVIT |
|---|---|---|
| VS | | |
| RABAH EL HADDAD | | 5 - 00 235 PVT |

Before __PATRICIA V. TRUMBULL__, U.S. Magistrate Judge for the Northern District of California, __SAN JOSE__, California.

The undersigned deponent being first sworn, deposes and says:

That he/she is a __SPECIAL AGENT__ that he/she is informed and believes and, on the basis of such information and belief, alleges that on __JULY 29, 2000__, a __COMPLAINT__ was filed in __S/D of FLORIDA__, before __HON. BARRY S. SELTZER__, charging the above named defendant, __RABAH EL HADDAD__ with violation of __21 USC 841 (d)(2) & 846__ in that he/she __Conspired to Possess a listed chemical with knowledge or reasonable belief it would be used to manufacture methamphetamine__.

That the deponent is further informed and believes, and on the basis of such information and belief, alleges that a warrant was issued upon such complaint/information on __7-29-2000__, and is now outstanding; your deponent further states that the U.S. Marshal at __S/D FLORIDA__ has been requested to forward said warrant and complaint/information to this District or submit his/her desires for the disposition of the matter.

That this deponent is informed that the U.S. Attorney at_____, recommends bail be set in the amount of_____returnable forethewith for the purpose of securing an order for temporary commitment of said defendant pending receipt of said process.

SPECIAL AGENT - DEA

_[signature]_

Swore to before me and subscribed in my presence this __31__ day of __July__ 19____

_[signature]_
UNITED STATES MAGISTRATE JUDGE

# United States District Court

SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

V.

THOMAS NAROG, GHANDI JABER
MOTLAQ JABER, RABAH EL HADDAD,
MOHAMMED SAMHAN and RAED NASER ALDIN

**CRIMINAL COMPLAINT**

CASE NUMBER:

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __September, 1999 until the present__ in __Broward__ county, in the __Southern__ District of __Florida__, and elsewhere, defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally combine, conspire, confederate and agree with each other and with persons known and unknown, to possess and distribute pseudoephedrine, a listed chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance; and did knowingly and intentionally possess and distribute pseudoephedrine, a listed chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance,

in violation of Title __21__ United States Code, Section(s) __841(d)(2) and 846__

I further state that I am a(n) __Special Agent__ and that this complaint is based on the following
                                    Official Title
facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:    [X] Yes  [ ] No

Signature of Complainant
Joseph Collins
Special Agent, DEA

Sworn to before me, and subscribed in my presence,

July 29, 2000                                        at  Ft. Lauderdale, FL
Date                                                     City and State

BARRY S. SELTZER
U.S MAGISTRATE JUDGE
Name and Title of Judicial Officer

AO 442 (Rev. 12/85) Warrant for Arrest    AUSA LAURENCE M. BARDFELD    SPECIAL AGENT JOE COLLINS (954) 489-1730

## United States District Court

__SOUTHERN__ DISTRICT OF __FLORIDA__

UNITED STATES OF AMERICA

V.

THOMAS L. NAROG, ET AL.

**WARRANT FOR ARREST**

**CASE NUMBER:**

TO: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest __RABAH EL HADDAD__
                                                                   Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment   ☐ Information   ☒ Complaint   ☐ Order of court   ☐ Violation Notice   ☐ Probation Violation Petition

charging him or her with (brief description of offense) Conspiracy to Possess a listed chemical (Pseudoephedrine) knowing it will be used for manufacturing a controlled substance (Methamphetamine); and possession of a listed chemical (Pseudoephedrine) knowing it will be used for manufacturing a controlled substance (Methamphetamine),

in violation of Title __21__ United States Code, Section(s) __841(d)(2) and 846__

BARRY SELTZER | U.S. MAGISTRATE JUDGE
Name of Issuing Officer | Title of Issuing Officer

[signature] | July 29, 2000  FORT LAUDERDALE, FLORIDA
Signature of Issuing Officer | Date and Location

Bail fixed at $PRE-TRIAL DETENTION | by BARRY S. SELTZER, U.S. MAGISTRATE JUDGE
                                                                          Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above defendant at ____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

AFFIDAVIT

Joseph Collins, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Drug Enforcement Administration assigned to the Fort Lauderdale District Office, Miami, Florida Field Division. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Special Agent with DEA since September of 1998. I have completed the Drug Enforcement Administration's Agent Training Academy in Quantico, Virginia. During this academy, I received extensive training in the enforcement of narcotics violations, undercover investigations and identification of narcotics. As a Special Agent, I have participated in various narcotic investigations in South Florida involving individuals and organizations suspected of and/or charged with narcotic related offenses.

2. Beginning in September of 1999, Thomas NAROG began receiving extraordinarily large shipments of pseudoephedrine from drug manufacturers in New York. NAROG is the only employee of Seaside Pharmaceutical, a newly formed pharmaceutical company in South Florida. The company has no office and exists only in three separate storage units at the Shurgard Storage Facility (a public storage facility, where anyone can rent a unit) on Oakland Park Boulevard. Thomas NAROG became a DEA registrant, licensed to distribute drugs and medication in 1998. Pseudoephedrine is an over the counter cold medicine that is not illegal to possess or distribute. However, it is a precursor to methamphetamine, and is used to manufacture methamphetamine usually in clandestine labs in the Western part of the country.

1

3. THOMAS NAROG, has been obtaining extremely large quantities of pseudoephedrine which is being processed and manufactured into methamphetamine. Law enforcement officials in South Florida received information from law enforcement officials in California that pseudoephedrine with the brand name "Tru-Choice Maximum" was showing up in their arrests of individuals involved in the manufacture and distribution of methamphetamine. "Tru-Choice Maximum" is the label under which Narog receives his pseudoephedrine. Pseudoephedrine is a precursor to methamphetamine and a necessary component in the manufacture of methamphetamine. *[handwritten: An analysis of NAROG's/SEASIDE's Pseudoephedrine purchases from September 1999 to the present shows the amount purchases far exceeds any amount that would be less distributed for any legitimate purp- for a pharmaceutical company of its size.]*

4. Thomas NAROG, Ghandi JABER, Motlaq JABER, Raed Naser ALDIN, Rabah EL-HADDAD and Mohammed SAMHAN, and others have been involved in the sale, exportation, diversion and distribution of a listed chemical (that is pseudoephedrine), knowing, or having reasonable cause to believe, that the listed chemical will be used to manufacture a controlled substance (that is, methamphetamine).

5. On 2/4/2000 Thomas NAROG received 500 cartons, 1,700 pounds (gross weight) of pharmaceutical grade pseudoephedrine. The shipment was delivered to NAROG'S business, SEASIDE PHARMACEUTICALS, which is a storage facility at Shurgard Storage Center, 1650 W. Oakland Park Blvd., Ft. Lauderdale, Florida. 33311.

6. On 2/14/2000 Thomas NAROG received 334 cartons, 1,150 pounds (gross weight) of pharmaceutical grade pseudoephedrine. The shipment was delivered to NAROG'S business, SEASIDE PHARMACEUTICALS located at /Shurgard Storage Center, 1650 W. Oakland Park Blvd., Fort Lauderdale, Florida. 33311.

7. On 2/14/2000 Thomas NAROG/ SEASIDE PHARMACEUTICALS shipped 1,155

pounds (gross weight) of "pharmaceuticals" to JAM PHARMACEUTICAL, PO Box 433, 6220 Best Street, Heberon, West Bank, Israel. The shipment was sent from NAROG'S residence, 8 Castle Harbor Isle, Fort Lauderdale, FL 33308.

8. On 3/8/2000 Thomas NAROG received 500 cartons, 1,700 pounds (gross weight) of pharmaceutical grade pseudoephedrine. The shipment was delivered to NAROG'S business, SEASIDE PHARMACEUTICALS located at Shurgard Storage Center, 1650 W. Oakland Park Blvd., Ft. Lauderdale, Florida. 33311.

9. On 3/13/2000 Thomas NAROG received 2 skids, 1,500 pounds (gross weight) of pharmaceutical grade pseudoephedrine. The shipment was delivered to NAROG'S business, SEASIDE PHARMACEUTICALS/Shurgard Storage Center, 1650 W. Oakland Park Blvd., Ft. Lauderdale, Florida. 33311.

10. On 3/22/2000 Thomas NAROG and Ghandi JABER received 529 boxes, 700 pounds (gross weight) of pharmaceutical grade pseudoephedrine. The shipment was delivered to NAROG'S business, SEASIDE PHARMACEUTICALS/Shurgard Storage Center, 1650 W. Oakland Park Blvd., Ft. Lauderdale, Florida. 33311.

11. On 03/27/00 agents observed NAROG and another individual, Ghandi JABER assisted in loading the 700 pounds of pseudoephedrine which had been delivered a few days before, into a U-haul truck. JABER departed the area driving the U-HAUL. JABER delivered the U-haul truck to a Tarek Abu-Lawi, two blocks away. This appeared to be done so that Abu-Lawi would not be known to NAROG. Agents surveilled the U-Haul truck to a second warehouse unit in Delray Beach, Florida where the pseudoephedrine was unloaded.

12. On 3/28/2000 Thomas NAROG received 480 cartons, 1,670 pounds (gross weight) of pharmaceutical grade pseudoephedrine. The shipment was delivered to NAROG'S business, SEASIDE PHARMACEUTICALS at the Shurgard Storage Center, 1650 W. Oakland Park Blvd., Ft. Lauderdale, Florida. 33311.

13. Also on 03/28/00 agents conducted a surveillance on the Delray Beach warehouse where Abu-Lawi had delivered the pseudoephedrine which he had picked up the previous day. They observed several individuals load the pseudoephedrine into another rented truck. Agents followed the truck to Forward Air, a freight-forwarding warehouse, located at the Orlando International Airport. Agents determined that the pseudoephedrine was being shipped to an address in California. Agents passed on the shipping information to DEA agents in California. As a result of this information, on 04/03/00 and 04/04/00, agents of the California Department of Justice, Bureau of Narcotics Enforcement-Inland Crackdown Allied Task Force (DOJ/BNE/INCA), the South Gate Police Department Narcotics and Special Problems Unit and the Los Angeles Field Division, HIDTA Group 45, Clandestine Laboratory Team conducted a surveillance and investigation. This investigation led to the seizure of approximately 779,100 dosage units of pseudoephedrine tablets, 42.5 pounds of methamphetamine and $83,744.00 in U.S. currency. In addition to this seizure, South Gate Police Detectives arrested 8 adults in connection with this investigation.

14. On 04/04/00 NAROG, GHANDI JABER, and MOTLAQ JABER loaded 1,670 pounds of pseudoephedrine into a U-Haul truck. Ghandi JABER drove the U-Haul to a location two blocks away where he transferred the U-Haul to a unknown individual. This individual then drove the pseudoephedrine to a warehouse in Delray Beach, Florida.

15. On 04/05/00, DEA agents conducted surveillance of the warehouse in Delray Beach, Florida. Agents observed an individual load the pseudoephedrine into another U-Haul van and drive the van to Forward Air, a freight forwarding company located at the Orlando International Airport in Orlando, Florida. The pseudoephedrine was shipped to an address in California. Agents notified DEA personnel in California of the pending shipment. As a result of this information, on 04/10/00 agents from the Bureau of Narcotics Enforcement-Inland Crackdown Allied Task Force (DOJ/BNE/INCATF) observed several suspects take possession of the pseudoephedrine. Based on information obtained from the surveillance, agents were issued search warrants for two storage lockers. As a result of the search warrants, agents seized over 2200 pounds (gross weight) of pseudoephedrine, approximately 264 grams of extracted ephedrine, approximately four gallons of pseudoephedrine in solution and a large amount of U.S. currency. There were a total of seven (7) suspects arrested.

16. On 04/25/00 NAROG and Ghandi JABER received approximately 2,300 pounds pseudoephedrine at NAROG'S business, SEASIDE PHARMACEUTICALS.

17. On 04/27/00 NAROG and Ghandi JABER loaded approximately 950 pounds of pseudoephedrine from the Seaside Pharmaceutical warehouse into a rented cargo van. JABER transferred possession of the van containing the pseudoephedrine to Zuhair Mahumud Rabei, another target of this investigation. Surveillance agents followed the cargo van to several residences in Lakeland, Florida and a postal forwarding business in Tampa, Florida where some of the pseudoephedrine was mailed to California. As a result of the surveillance, agents subsequently seized all of the pseudoephedrine except what was mailed at the postal forwarding company in Tampa. Agents obtained information that the pseudoephedrine that was mailed was

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-8631-Civ-RYSKAMP
MAGISTRATE JUDGE SORRENTINO

DANIEL E. GIBBS, SR.,  :

    Petitioner,  :

v.  :  <u>ORDER OF DISMISSAL</u>

MICHAEL W. MOORE,  :

    Respondent.  :

**CLOSED CASE**

For the reasons stated in the Report of the Magistrate Judge and upon independent review of the file, it is [DE 49]

ORDERED AND ADJUDGED as follows:

1. This case is dismissed for lack of jurisdiction.

2. All motions not otherwise ruled upon are dismissed, as moot.

3. This case is closed. The Clerk of the Court shall close this case and DENY all pending motions as MOOT.

DONE AND ORDERED at West Palm Beach, Florida, this 5 day of October, 2001.

UNITED STATES DISTRICT JUDGE
Kenneth L. Ryskamp

cc: Daniel Gibbs, <u>Pro Se</u>, DC #902870, 600 U.S. Highway 27 South, SouthBay, FL 33493
    Daniel Hyndman, AAG